# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BRYAN RUSSELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. K. TOOR, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00255-SAB-PC<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's first amended complaint, filed on September 18, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 2, 2015. (ECF No. 4.)

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

Plaintiff initiated this action by civil complaint filed on February 17, 2015.  Plaintiff, formerly incarcerated at Valley State Prison, brings this action against Defendants Dr. Toor and Dr. Woodward, physicians employed by the CDCR at Valley State Prison.  On September 18, 2015, Plaintiff filed a document titled as an amended complaint.  The amended complaint, however, is an addendum to the original complaint.  As will be discussed in further detail below, Plaintiff may not file a supplemental complaint.  An amended complaint should be complete, in and of itself, without reference to any prior pleading.  The Court will construe Plaintiff's supplemental filing as a request to amend his first amended complaint.  Accordingly, Plaintiff will be granted leave to file a second amended complaint.  In order to guide Plaintiff, the Court

1 will address Plaintiff's allegations in the original complaint and the September 18, 2015,
2 supplemental complaint.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff alleges that on October 6, 2011, while housed at CCI Tehachapi, he was "brutally assaulted" by a correctional officer. (Cmpl. p. 3.)   Plaintiff feared retaliation, and began "discreetly" seeking medical attention. (Id. p. 3A).  Plaintiff alleges that his medical care requests for neck and back pain were rejected because he included false allegations of assault by staff.  On April 6, 2012, Plaintiff was seen by a psychologist, who asked Plaintiff to sign a consent form authorizing the psychologist to talk to Plaintiff's parents.

On July 6, 2012, Plaintiff submitted a request for treatment due to "excruciating pain from my left clavicle."  (Id.)   On July 9, 2012, Plaintiff was referred to Dr. K. Hill by a registered nurse.  Plaintiff was seen by Dr. Hill, and on July 20, 2012, Plaintiff's request for treatment was denied.  On August 10, 2012, Plaintiff submitted another request for treatment.  On August 16, 2012, Plaintiff was again seen by Dr. Hill.  She advised Plaintiff that after reviewing the x-rays, Plaintiff did not warrant further treatment.  Plaintiff's requests for an MRI and physical therapy were denied.  Plaintiff was issued a prescription for ultram to address his pain. Plaintiff alleges that the ultram was ineffective.

Plaintiff was transferred to Valley State Prison in Chowchilla, and was seen by Defendant Dr. Toor on October 19, 2012.  Plaintiff alleges that Dr. Toor "did no physical examination on my person, he only looked at previous x-rays where he then based his decision to discontinue by ultram." (Id. p. 3B.)   Dr. Toor also denied Plaintiff's request for an MRI and physical therapy. Dr. Toor prescribed exercise for Plaintiff, and indicated in Plaintiff's chart that he observed Plaintiff "working out" on the yard. (Id.)

In February of 2013, Plaintiff began to see a new primary care physician, Defendant Dr. Woodward.  Plaintiff alleges that Dr. Woodward denied Plaintiff's requests for physical therapy and "shows no reparative efforts to console my chronic pain." (Id. p. 3E.)

In Plaintiff's supplemental complaint filed on the September 18, 2015, he sets forth

allegations regarding his health care that have occurred since the filing of this action on February 17, 2015. As will be discussed below, Plaintiff may not bring claims regarding conduct that occurred after the filing of the complaint. Further, Plaintiff alleges no facts in the supplemental complaint that constitute deliberate indifference on the part of Dr. Toor or Dr. Woodward.

## III.

## DISCUSSION

### A. Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely

1  because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,
2  45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate
3  indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
4  1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not
5  support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

6        Plaintiff has failed to allege facts sufficient to state a claim for relief. Plaintiff must
7  allege facts indicating that each of the named Defendants were aware of an objectively serious
8  medical condition and were deliberately indifferent to that condition. Plaintiff's central
9  grievance is that, in his view, he should have been given physical therapy. Plaintiff also
10 disagrees with the pain medication that he was prescribed. The Court notes that Plaintiff alleges
11 deliberate indifference because Dr. Hill's prescription of ultram was ineffective, yet alleges
12 deliberate indifference by Dr. Woodward by discontinuing the prescription. There are no facts
13 alleged indicating a complete refusal to treat Plaintiff. There are no facts alleged indicating that a
14 medical professional diagnosed Plaintiff with further injury as a result of a failure to treat
15 Plaintiff. As noted above, a disagreement with the course of Plaintiff's treatment does not
16 constitute deliberate indifference. The allegations of the complaint as to Dr. Toor and Dr.
17 Woodward fail to state a claim for relief. They should therefore be dismissed.

18       **B.    Exhaustion**

19       Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with
20 respect to prison conditions under [42 U.S.C. § 1983], or any other federal law by a prisoner
21 confined in any jail, prison, or other correctional facility until such administrative remedies as
22 are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the
23 available administrative remedies prior to filing suit. Jones v. Bock, 49 U.S. 199, 211 (2007);
24 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required
25 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,
26 Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits
27 relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

28       The California Department of Corrections and Rehabilitation (CDCR) has an

1  administrative grievance system for prisoners to appeal any departmental decision, action,
2  condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, §
3  3084.1. Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the
4  problem and the action requested, tit. 15, §3084.2(a), and the appeal had to be submitted within
5  fifteen working days of the event being appealed or of the receipt of the unacceptable lower level
6  decision, tit. 15, §3084.6(c). Up to four levels of appeal may be involved, including the informal
7  level, first formal level, second formal level, and third formal level, also known as the Director's
8  Level. Tit. 15, §3084.5. In order to satisfy section 1997e(a), California state prisoners are
9  required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548
10 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201. On January 28, 2011, the inmate
11 appeals process was modified and limited to three levels of review with provisions allowing the
12 first level to be by bypassed under specific circumstances. Cal. Code Regs. tit. 15, § 3084.7.

13      Because of requirements of the administrative appeals process, it is impossible for
14 Plaintiff to bring a civil rights action for any conduct that occurred after the filing of the
15 complaint. Any amended complaint must confine itself to the claims that Plaintiff has exhausted
16 through the administrative appeals process described above.

17                                          **IV.**
18                              **CONCLUSION AND ORDER**

19      For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may
20 be granted. Plaintiff is granted leave to file a second amended complaint within thirty (30) days.
21 Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of
22 this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d
23 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

24      Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state
25 what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal
26 rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus
27 on the duties and responsibilities of each individual defendant whose acts or omissions are
28 alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th

Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint and supplemental complaint are dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:  **January 20, 2016**

UNITED STATES MAGISTRATE JUDGE