1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11    RODERICK BRYAN RUSSELL,                    Case No.  1:15-cv-00255-SAB-PC

12                Plaintiff,                     ORDER DISMISSING SECOND AMENDED
                                                 COMPLAINT, WITH LEAVE TO AMEND,
13          v.                                   FOR FAILURE TO  ACTION FOR
                                                 FAILURE TO STATE A COGNIZABLE
14    DR. K. TOOR, et al.,                       CLAIM FOR RELIEF

15                Defendants.

16

17          Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42

18    U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §

19    636(c).[1]  Currently before the Court is Plaintiff's second amended complaint, filed on March 22,

20    2016. (ECF No. 13.)

21                                              **I.**

22                               **SCREENING REQUIREMENT**

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

25    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26    legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

27    that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28    ---

[1] Plaintiff filed a consent to proceed before a magistrate judge on March 2, 2015. (ECF No. 4.)

1

1   1915(e)(2)(B).

2        A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

7   that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

8   Williams, 297 F.3d 930, 934 (9th Cir.2002).

9        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10  liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d

11  1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

12  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13  that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss

14  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

15  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16  liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572

17  F.3d at 969.

18                                              **II.**

19                               **COMPLAINT ALLEGATIONS**

20        Plaintiff, formerly incarcerated at Valley State Prison, brings this action against

21  Defendants Dr. Toor, Dr. Woodward, Dr. Malakkla, an Dr. Shwe, physicians employed by the

22  CDCR at Valley State Prison.

23        In the March 22, 2016, second amended complaint, Plaintiff fails to cure the defects

24  identified by the Court in the order dismissing the first amended complaint.   The second

25  amended complaint is more vague than the first amended complaint.   The only allegation as to

26  Dr. Toor is Plaintiff's conclusory statement that Dr. Toor "violated my civil rights by being

27  deliberately indifferent by removing me from my then pain medication which provided much

28  relief for my injuries on record." (ECF No. 13 at p. 4.)

1    Plaintiff similarly fails to allege specific facts regarding Defendant Woodward's conduct.

2  Plaintiff asserts the conclusory allegation that Defendant Woodward violated Plaintiff's civil

3  rights by "delaying, denying, and deterring from properly diagnosing my injuries." (Id.)  In the

4  January 20, 2016, order dismissing the first amended complaint, Plaintiff was specifically

5  advised that he failed to allege any facts indicating a complete refusal to treat Plaintiff.  There

6  were no facts alleged indicating that a medical professional diagnosed Plaintiff with further

7  injury as a result of a failure to treat Plaintiff.  (ECF No. 10 at 5:13-14.)  Plaintiff fails to correct

8  this deficiency.

9    As to Dr. Malakkla, Plaintiff alleges that he violated Plaintiff's rights by not enforcing

10  the Plata court order.[2]   Individual suits for injunctive and equitable relief from alleged

11  unconstitutional prison conditions cannot be brought where there is a pending class action suit

12  involving the same subject matter.  McNeil v. Guthrie, 945 F.2d 1163, 1165 (9th Cir. 1991);

13  Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc).  "Individual members of

14  the class and other prisoners may assert any equitable or declaratory claims they have, but they

15  must do so by urging further actions through the class representative and attorney, including

16  contempt proceedings, or by intervention in the class action."  Id.  Any asserted requests for

17  injunctive relief are therefore dismissed.  If Plaintiff wants to complain about a perceived failure

18  to comply with the order in Plata, he may contact the plaintiff's class counsel.[3]

19    As to Dr. Shwe, Plaintiff alleges generally that he violated Plaintiff's civil rights by

20  failing to provide "transcripts of medical documentation" in order for the orthopedic specialist to

21  properly diagnose him. (ECF No. 13, p. 4.)  Plaintiff also alleges that Dr. Shwe "denied me any

22  type of further treatment such as submission of a chronic care evaluation to receive pain

23  medication and physical therapy due to my upcoming parole release date being so short."

24  Plaintiff fails to allege any facts indicating that Dr. Shwe knew of and disregarded an objectively

25  serious medical condition of Plaintiff's.  Further, it appears that Dr. Shwe's conduct occurred

26

27  [2] The Court assumes Plaintiff is referring to the rulings under Plata v. Schwarzenegger, No. C 01-1351 THE, a class action concerning medical care in California's prisons.

28  [3] Counsel for the plaintiff class in Plata is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA, 94964.

1  after the filing of the complaint in this action.  As will be noted below, Plaintiff could not have

2  exhausted such claims through the administrative grievance process prior to filing suit.

### III.

### DISCUSSION

#### A.     Eighth Amendment

6  A prisoner's claim of inadequate medical care does not constitute cruel and unusual

7  punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

8  "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

9  2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate

10  indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

11  to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

12  wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

13  indifferent." Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent

14  manner unless the defendant "knows of and disregards an excessive risk to inmate health or

15  safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal

16  standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.

17  Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or

18  failure to respond to a prisoner's pain or possible medical need" and the indifference caused

19  harm. Jett, 439 F.3d at 1096.

20  In applying this standard, the Ninth Circuit has held that before it can be said that a

21  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

22  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

23  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing

24  Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing

25  or treating a medical condition does not state a valid claim of medical mistreatment under the

26  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

27  because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,

28  45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate

1   indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

2   1990).   Additionally, a prisoner's mere disagreement with diagnosis or treatment does not

3   support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4        In the order dismissing the first amended complaint, the Court noted that Plaintiff had

5   failed to allege facts sufficient to state a claim for relief.  Plaintiff's central grievance was that, in

6   his view, he should have been given physical therapy.  Plaintiff also disagreed with the pain

7   medication that he was prescribed.  There were no facts alleged indicating a complete refusal to

8   treat Plaintiff. There were no facts alleged indicating that a medical professional diagnosed

9   Plaintiff with further injury as a result of a failure to treat Plaintiff.    The second amended

10  complaint is more vague and confusing than the first amended complaint.  In the January 20,

11  2016,  order dismissing the first amended complaint, Plaintiff was specifically advised that an

12  amended complaint supersedes the original complaint, and must be complete in and of itself

13  without reference to the prior or superseded pleading. (ECF No. 10 at 7:5.)   The Court cannot

14  consider allegations in the first amended complaint in order to make sense of the second

15  amended complaint.  Because the second amended complaint is more vague than the first

16  amended complaint, it should be dismissed for failure to state a cognizable claim for relief.

17  Plaintiff will, however, be granted an opportunity to file a third amended complaint.

18       **B.**    **Exhaustion**

19       In the order dismissing the original complaint, the Court noted that Plaintiff appeared to

20  allege conduct that occurred after the filing of the complaint. Pursuant to the Prison Litigation

21  Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42

22  U.S.C. § 1983], or any other federal law by a prisoner confined in any jail, prison, or other

23  correctional facility until such administrative remedies as are available are exhausted."   42

24  U.S.C. § 1997e(a).  Prisoners  are required to exhaust the available administrative remedies prior

25  to filing suit.   Jones v. Bock,  49 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198,

26  1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner

27  and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001),

28  and the exhaustion requirement applies to all suits relating to prison life. Porter v. Nussle, 435

1   U.S. 516, 532 (2002).

2       The California Department of Corrections and Rehabilitation (CDCR) has an

3   administrative grievance system for prisoners to appeal any departmental decision, action,

4   condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, §

5   3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the

6   problem and the action requested, tit. 15, §3084.2(a), and the appeal had to be submitted within

7   fifteen working days of the event being appealed or of the receipt of the unacceptable lower level

8   decision, tit. 15, §3084.6(c).  Up to four levels of appeal may be involved, including the informal

9   level, first formal level, second formal level, and third formal level, also known as the Director's

10  Level.  Tit. 15, §3084.5.  In order to satisfy section 1997e(a), California state prisoners are

11  required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548

12  U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate

13  appeals process was modified and limited to three levels of review with provisions allowing the

14  first level to be by bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

15      Because of requirements of the administrative appeals process, it is impossible for

16  Plaintiff to bring a civil rights action for any conduct that occurred after the filing of the

17  complaint.  Plaintiff was specifically advised that any amended complaint must confine itself to

18  the claims that Plaintiff has exhausted through the administrative appeals process described

19  above.  (Id. at 6:14.)    The March 22, 2016, second amended complaint consists mostly of

20  allegations of conduct that occurred after the filing of the complaint in this action.  As noted

21  above, it is impossible for Plaintiff to bring a civil rights action for any conduct that occurred

22  after the filing of the complaint.  Plaintiff's claims for any conduct that occurred after the filing

23  of the complaint should therefore be dismissed for Plaintiff's failure to exhaust his available

24  administrative remedies prior to filing suit.

25                                  **IV.**

26                        **CONCLUSION AND ORDER**

27      Plaintiff was previously notified of the applicable legal standard and the deficiencies in

28  his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is more

1   vague than the first amended complaint.   For the reasons stated, the second amended complaint

2   should therefore be dismissed for Plaintiff's failure to state a cognizable claim for relief.   The

3   Court will, however, grant Plaintiff a final opportunity to file a third amended complaint that

4   clearly sets out his claims, and the factual allegations in support of claims.   Plaintiff need not,

5   however, set forth legal arguments in support of his claims.   In order to hold an individual

6   defendant liable, Plaintiff must name the individual defendant, describe where that defendant is

7   employed and in what capacity, and explain how that defendant acted under color of state law.

8   Plaintiff should state clearly, in his or her own words, what happened.   Plaintiff must describe

9   what each defendant, *by name*, did to violate the particular right described by Plaintiff.   In this

10  case, Plaintiff must allege how each Defendant knew of and disregarded a serious medical

11  condition of Plaintiff's.   Plaintiff is granted leave to file an amended complaint within thirty (30)

12  days.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff may not change the

13  nature of this suit by adding new, unrelated claims in his amended complaint.   George v. Smith,

14  507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

15          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

16  each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.

17  Iqbal, 556 U.S. 662, 678.   "The inquiry into causation must be individualized and focus on the

18  duties and responsibilities of each individual defendant whose acts or omissions are alleged to

19  have caused a constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

20  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

21  above the speculative level. . . ."   Twombly, 550 U.S. at 555 (citations omitted).

22          Plaintiff is again advised that an amended complaint supersedes the original complaint,

23  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

24  567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or

25  superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint

26  which are not alleged in an amended complaint are waived."   King, 814 F.2d at 567 (citing to

27  London v. Coopers  Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

28  1474.      The Court will not refer to  any other pleading to  make Plaintiff's third  amended

1   complaint complete.

2       Based on the foregoing, it is HEREBY ORDERED that:

3       1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

4       2.    Plaintiff's second amended  complaint, filed March 25, 2016, is dismissed for

5             failure to state a claim;

6       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

7             third amended complaint; and

8       4.    If Plaintiff fails to file an amended complaint in compliance with this order, the

9             Court will dismiss this action, with prejudice, for failure to state a claim and to

10            obey a court order.

11

12  IT IS SO ORDERED.

13  Dated:   **June 29, 2016**   _____

                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8