# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BRYAN RUSSELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. K. TOOR, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00255-SAB-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN DEFENDANTS AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN ACTION TO A DISTRICT JUDGE<br><br>(ECF No. 15, 16)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) ON March 2, 2015. (ECF No. 4.) To date Defendants have not consented or declined to United States Magistrate Judge jurisdiction.

On November 7, 2016, the Court screened Plaintiff's third amended complaint and found that it stated a cognizable claim against Defendant K. Toor for deliberate indifference in violation of the Eighth Amendment. (ECF No. 16.) The Court dismissed Plaintiff's Eighth Amendment claims against Defendants N.P. Woodward, Dr. Shwe, and Dr. Malakkla failure to state a claim. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

1

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the above-described claims in its November 7, 2016 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims described above be dismissed, for the reasons explained herein.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

1 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff alleges that his civil rights were violated by Defendant Dr. Toor on October 19, 2012. (Third Am. Compl. 3, ECF No. 15.) Plaintiff saw Dr. Toor for a routine medical slip request and described pain and beginning stages of loss of mobility, restlessness due to aching pain, quality of life issues, pain in his left collarbone, depression, and anxiety. (Id.) Dr. Toor minimized and ignored his pain. (Id.) Plaintiff's request for an MRI or CT scan was denied because Dr. Toor found the tests to not be warranted. (Id.) Plaintiff showed Dr. Toor that his collar bone was making an extremely painful popping and clicking sound. (Id. at 3-4.) The noise from his left "sterno-clavicular" bone was audible and noticeable without physical contact to the area. (Id. at 4.) Plaintiff was removed from his medication which dramatically increased his pain. (Id.) Plaintiff received no further treatment. (Id.)

Plaintiff alleges that Nurse Practitioner ("N.P.") B. Woodward violated his Eighth Amendment rights by "failing to use practical judgment while preparing [his] treatment plan(s)." (Id. at 4.) On every visit in response to a medical request, Plaintiff showed N.P. Woodward where the pain in his collar bone was. (Id.) N.P. Woodward examined Plaintiff and rotated both arms to see the difference between the sides and head the clicking and popping sound. (Id.) N.P. Woodward determined that no treatment could be done because it was not warranted. (Id.) N.P Woodward needed proof of Plaintiff's pain to treat his injury. (Id.) Since Plaintiff did not have an M.R.I or CT scan to show a positive treatment plan for his collar bone his work duties became harder and more painful to perform. (Id.) His range of motion has decreased dramatically and it is painful to even shower with his left arm. (Id.) He has pain in his elbow and is starting to have pain in his shoulder. (Id.) Plaintiff can no longer sleep on his left side due to pain. (Id.)

3

Plaintiff alleges that Dr. Shwe violated his rights under the Eighth Amendment by failing to provide the results of his C.T. to the orthopedic specialist he was authorized to see. (Id. at 5.) Since the orthopedic specialist did not have a CT scan he was only able to do the same range of motion tests that N.P. Woodward performed. (Id.) He reproduced the same clicking and popping sound. (Id.) Dr. Shew did not order physical therapy after Plaintiff's consultation with the orthopedic specialist stating that there was not enough time before Plaintiff was paroled to warrant further treatment or therapy. (Id.)

Plaintiff contends that Chief Physician N. Malakkla violated his Eighth Amendment rights by disregarding an inmate appeal partially granted on November 28, 2015. (Id. at 6.) On April 15, 2015, Plaintiff generated another appeal grieving not having received timely treatment because the granted appeal was missing. (Id.) Plaintiff provided a copy of the partially approved appeal. (Id.) On May 28, 2015, Plaintiff was seen by an orthopedic specialist. (Id.) Due to the amount of time that elapsed his shoulder continued to worsen, he had more frequent headaches, and his range of motion decreased with pain to his rotator cuff and he had complete freezing of his shoulder with no mobility. (Id. at 6-7.)

Plaintiff is seeking compensatory and punitive damages against Defendants Toor, Woodward, Malakkla, and Shwe.

## III.

## DISCUSSION

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or

safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Liberally construed, Plaintiff's allegations that he complained to Dr. Toor of his pain and loss of mobility and his complaints were ignored, and that Dr. Toor removed his pain medication are sufficient to state a cognizable claim for deliberate indifference.

However, Plaintiff fails to include sufficient factual detail to allow the Court to reasonably infer that any other named defendant was aware that Plaintiff had a serious medical need and failed to adequately respond. Iqbal, 556 U.S. at 678-79. While Plaintiff alleges that N.P. Woodward conducted range of motion testing and could hear the clicking and popping sounds, he does not allege any facts to indicate that he informed N.P. Woodward that he was having significant pain or loss of mobility. Nor does the complaint contain any allegations that the range of motion testing showed any decreased range of motion to place N.P. Woodward on notice that he had a serious medical need. See Wilhelm, 680 F.3d at 1122 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir.1992)) ("The existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Even if N.P. Woodward was aware that his shoulder was making clicking and popping sounds that is insufficient to show she was aware that Plaintiff had a serious medical need and failed to adequately respond. Plaintiff has failed to state a cognizable claim against N.P. Woodward.

Similarly, Plaintiff alleges that Dr. Shew failed to provide the results of his C.T. scan to the orthopedic specialist and failed to order physical therapy stating there was not enough time to warrant treatment because Plaintiff was due to be paroled. To the extent that the orthopedist did not have C.T. results, Plaintiff has failed to allege any facts that Dr. Shwe was aware that Plaintiff had a shoulder problem, had a CT scan, or was going to be seen by a specialist. Further, while Plaintiff alleges that Dr. Shwe did not order physical therapy, he has not alleged any facts by which the Court could conclude that Dr. Shwe was aware that Plaintiff had a need for physical therapy. Plaintiff's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff fails to include sufficient factual detail to allow the Court to reasonably infer that Dr. Shwe was aware that Plaintiff had a serious medical need and failed to adequately respond. Iqbal, 556 U.S. at 678-79.

Finally, Plaintiff alleges that Dr. Malakkla who is a Chief Physician disregarded his partially granted inmate appeal. However, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 556 U.S. at 677; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). Plaintiff appears to be alleging that Dr. Malakkla is liable due to his position as Chief Physician. However, Plaintiff alleges no facts by which the Court can infer that Dr. Malakkla was aware that Plaintiff's appeal was granted and failed to adequately respond.

Plaintiff alleges that on April 15, 2015, he generated another appeal because his granted appeal was not on file. To the extent that the Court could assume that Dr. Malakkla was responsible for ensuring that Plaintiff was seen by a specialist, Plaintiff was seen by an orthopedic specialist approximately six weeks after he grieved the missing appeal. Therefore, it appears that Plaintiff was provided with an appointment to see a specialist shortly after bringing the missing appeal to the attention of prison officials. Plaintiff fails to state a cognizable claim against Dr. Malakkla.

Under Rule 15(a) of the Federal Rules of Civil Procedure, as relevant here, Plaintiff may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

In this instance, Plaintiff has been granted leave to file two amended complaints to correct the deficiencies in his prior complaints. In each instance, the Court provided Plaintiff with guidance on the necessary corrections to be made to state a cognizable claim. Plaintiff has now filed two amended complaints against these same defendants and has been unable to cure the deficiencies in his claims against N.P. Woodward, Dr. Shwe, and Dr. Malakkla. The Court finds that Plaintiff is unable to cure the deficiencies in the claims against these defendants and it would therefore be futile to afford Plaintiff further opportunity to file an amended complaint. Accordingly, the Court recommends that Plaintiff's claims against N.P. Woodward, Dr. Shwe, and Dr. Malakkla be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has stated a cognizable claim against Defendant Toor but has not stated a claim against any other named defendant. Plaintiff has previously been provided with the opportunity to file an amended complaint, with guidance from the Court, to correct the pleading deficiencies. In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend (see ECF Nos. 10, 14), further amendment is not

warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant K. Toor for deliberate indifference in violation of the Eighth Amendment;
2. Plaintiff's Eighth Amendment claims against Defendants N.P. Woodward, Dr. Shwe, and Dr. Malakkla be dismissed without leave to amend for failure to state a claim;
3. Defendants N.P. Woodward, Dr. Shwe, and Dr. Malakkla be dismissed from this action; and
4. The Clerk of the Court is directed to randomly assign this action to a district judge.

This Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE

8