# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK BRYAN RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>DR. K. TOOR,<br><br>Defendant. | Case No. 1:15-cv-00255-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 24)<br><br>**THIRTY- DAY DEADLINE** |

Plaintiff Roderick Byron Russell, Jr., is a former state prisoner proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant K. Toor, M.D.'s motion for summary judgment, filed on January 3, 2018. (ECF No. 24.)

**I.**

**RELEVANT BACKGROUND**

This case proceeds on Plaintiff's third amended complaint against Defendant Toor for deliberate indifference in violation of the Eighth Amendment. (ECF No. 15.)

Defendant filed an answer to the third amended complaint on February 24, 2017. (ECF No. 19.) On February 28, 2017, the Court issued the discovery and scheduling order. (ECF No. 20.)

As noted above, on January 3, 2018, Defendant filed a timely motion for summary judgment. (ECF No. 24.) Plaintiff filed an opposition, on extension, on April 23, 2018. (ECF

No. 27). Defendant filed a reply on April 24, 2018. (ECF No. 28.) The motion is now deemed submitted, without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

## III.

## DISCUSSION

### A.   Summary of Plaintiff's Relevant Allegations

On October 19, 2012, Plaintiff saw Defendant for a routine medical slip request and described pain and beginning stages of loss of mobility, restlessness due to aching pain, quality

of life issues, pain in his left collarbone, depression, and anxiety. (Third Am. Compl. 3.) Defendant minimized and ignored his pain. (Id.) Plaintiff's request for an MRI or CT scan was denied because Defendant found the tests to not be warranted. (Id.) Plaintiff showed Defendant that his collar bone was making an extremely painful popping and clicking sound. (Id. at 3-4.) The noise from his left "sterno-clavicular" bone was audible and noticeable without physical contact to the area. (Id. at 4.) Plaintiff was removed from his medication, which dramatically increased his pain. (Id.) Plaintiff received no further treatment. (Id.)

### B. Statement of Material Undisputed Facts

At all relevant times, Plaintiff was an inmate incarcerated by the California Department of Corrections and Rehabilitation at Valley State Prison ("VSP"), in Chowchilla, California. (Third Am. Compl. 2-3.) Defendant is a licensed physician and surgeon, licensed by the California Medical Board since 2006. (Toor Decl., ECF No. 24, ¶ 1.) At all relevant times, Defendant was employed as a physician and surgeon at VSP. (Id.) Defendant is board certified in internal medicine. (Id. at ¶ 2.)

As a physician and surgeon, Defendant's responsibilities include examination of patients and diagnosing their illness and administration of medical treatment. (Id. at ¶ 3.) His duties also involve the running of the clinics, providing comprehensive examination, evaluation and treatment of patients/inmates, interpreting labs and imaging results, prescribing medications, performing minor surgical procedures, taking part in the institutional pain management committee, diagnosis, and referral to other specialists for higher level of care treatment. (Id.)

During the period complained of by Plaintiff, Defendant saw Plaintiff once, on October 19, 2012, for alleged pain to his left clavicle. (Toor Decl. ¶ 6.) Plaintiff had been taking Tramadol, which was a non-formulary medication at VSP. (Id.) The policy at VSP was to use non-formulary medications only under exceptional circumstances, when all other modalities had failed. (Id.) Defendant reviewed Plaintiff's medical records and decided to discontinue Tramadol because it was not clinically indicated, given that there was no substantive evidence that Plaintiff needed it, and because Plaintiff did not meet the criteria for non-formulary medications at that time. (Id.) A prior x-ray of the left clavicle area was negative for any

1 fracture. (Id.) Plaintiff was provided other forms of pain medications, such as Ibuprofen and Tylenol, but he refused to take them. (Id.)

All medical care and treatment rendered to Plaintiff by Defendant was medically appropriate and consistent with Plaintiff's symptoms, medical condition and history. (Toor Decl. ¶¶ 8-9.) All medical care and treatment rendered to Plaintiff by Defendant was within the community standard of care, and consistent with the degree of knowledge and skill ordinarily possessed and exercised by members of the medical profession under similar circumstances. (Id.) At all relevant times, Defendant Plaintiff with dignity and respect in an honest effort to treat his condition. (Id. at ¶ 9.) At no time did Defendant refuse to provide Plaintiff with necessary medical care or treatment. (Id.) At no time did Defendant intentionally or knowingly cause Plaintiff any injury or harm. (Id.)

**C.     Parties Arguments**

Defendant argues that Plaintiff cannot demonstrate a triable issue of fact that Defendant was deliberately indifferent to any serious medical need, because he provided Plaintiff with appropriate care and medication. Although Plaintiff disagreed, Plaintiff only presents a difference of opinion between a non-physician inmate and his treating physician. Further, Defendant argues that he is entitled to qualified immunity.

In opposition, Plaintiff argues that he was ignored and should not have been removed from Tramadol. Plaintiff further argues that Defendant did not properly examine and diagnose him, and that he caused him pain and suffering.

In reply, Defendant argues that Plaintiff presents no evidence in support of his arguments other than his non-medical opinion, which is insufficient to defeat summary judgment here.

**D.     Analysis**

For an Eighth Amendment claim arising in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393–94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

///

1  Here, Plaintiff does not dispute that his claim is based upon pain in his collarbone, or
2  clavicle. (Pl.'s Opp'n, ECF No. 27, at 1.) Plaintiff's significant pain and discomfort in his
3  clavicle is sufficient to show an issue of fact regarding whether he had a serious medical need,
4  and he can provide testimonial evidence regarding this issue based upon his verified third
5  amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) ("A plaintiff's
6  verified complaint may be considered as an affidavit in opposition to summary judgment if it is
7  based on personal knowledge and sets forth specific facts admissible in evidence.") (citing
8  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).

9  However, Plaintiff has not met his burden to present evidence showing that Defendant
10 was deliberately indifferent in response to Plaintiff's medical need. It is undisputed that
11 Defendant saw Plaintiff and reviewed his medical records in response to his complaints of pain
12 and discomfort, including reviewing an x-ray showing that Plaintiff had no fracture in his left
13 clavicle area. Based on VSP's policy and his medical training and this evaluation, Defendant
14 discontinued Plaintiff's Tramadol, and instead provided other forms of pain management, such
15 as Ibuprofen and Tylenol. This does not show any substantial indifference to Plaintiff's
16 complaints of pain and discomfort.

17 Against this medical evidence, Plaintiff argues that Defendant should have done a
18 different physical evaluation, listened to Plaintiff's opinion that the medication was helpful, and
19 done other diagnostic testing to determine whether his condition had changed from the x-ray.
20 Plaintiff has presented no evidence of any change in his condition, or any evidence that
21 Defendant's evaluation fell below the medical standard of care so significantly that it could
22 constitute deliberate indifference under the Eighth Amendment. Rather, his arguments rely
23 entirely on his non-medical opinion. Plaintiff is not competent to provide medical opinion
24 evidence sufficient to create any triable issue of fact in this case. See Fed. R. Civ. P. 56(c)(4)
25 (affidavit or declaration used to oppose a motion must be made on personal knowledge, set out
26 facts that would be admissible in evidence, and show that the affiant or declarant is competent
27 to testify on the matters stated); (see Pl.'s Opp'n at 3 ("I hereby state I am not a licensed Doctor nor
28 a nurse."))

Therefore, Plaintiff has presented no more than a difference of opinion between him and Defendant, and has not shown a triable issue of fact here. Accordingly, summary judgment should be granted in favor of Defendant in this case, and recommends granting Defendant's motion for summary judgment. Based on these findings, the Court does not find it necessary to examine the parties' arguments regarding qualified immunity.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be granted; and

2. Judgment be entered in favor of Defendant.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 10, 2018**__

UNITED STATES MAGISTRATE JUDGE